UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00180-GNS

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON Subscribing to
Policy No. NAC050614-1-NTL5-150226-4                                    PLAINTIFFS

VS.

EUGENE C. MORROW, Individually and as
Personal Representative For the Estate of
MARGARET E. MORROW, Deceased;
HORIZON TRANSPORT, INC.; KLAUS
BERMEL-SCHANZ; STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY;
SCOTTSDALE INDEMNITY COMPANY; AND
ALFA MUTUAL INSURANCE COMPANY                                           DEFENDANTS

MEMORANDUM, OPINION,
AND ORDER

Before the Court are two related motions. DN 78 is the motion of Defendant Klaus Bermel-Schanz to quash a subpoena issued by Defendant Eugene C. Morrow to non-party Brown & Brown of Ohio, LLC. DN 80 is a similar motion to quash by Defendant Horizon Transport, Inc.

Nature of the Case

This is an action for declaratory judgment under 28 U.S.C., § 2201 as to whether Plaintiff has insurance coverage obligating it to defend or indemnify Bermel-Schanz against claims arising from a motor vehicle accident. That accident is the subject of a wrongful death lawsuit also pending in this court. See Civil Action No. 1:16-CV-00158-JHM-HBB. The policy in question is a "Non-Trucking Liability Policy" under which only Bermel-Schanz is insured.

Plaintiff contends that the policy only provides coverage for personal use of a vehicle, and coverage is not provided for use of the vehicle while in the business of, or furthering the business of, a motor carrier. Plaintiff contends that, at the time of the accident, Bermel-Schanz was operating the vehicle for the benefit of and in furtherance of the business of Horizon Transport (DN 1).

Defendant Eugene C. Morrow appears in this action individually and as personal representative of the Estate of Margaret E. Morrow. Morrow is also the Plaintiff in the companion wrongful death action.

## The Subpoena in Question

Defendant Morrow filed a notice of issuance of a subpoena duces tecum (DN 70). The subpoena commands Brown & Brown of Ohio, LLC to provide the following documents:

1. Complete copy of the entire insurance file(s) for Klaus Bermel-Schanz from October 16, 2013 to Present.
2. All communication, documents, electronic records, emails, faxes and file notes regarding communication with Klaus Bermel-Schanz regarding obtaining Non-Trucking Liability (NTL) coverage for his vehicle leased to Horizon Transport.
3. All communication, documents, electronic records, emails, faxes and file notes regarding communication with Horizon Transport regarding Klaus Bermel-Schanz.
4. All communication, documents, electronic records, emails, faxes and file notes regarding communication with Transportation Insurers, Inc. regarding Klaus Bermel-Schanz.
5. All communication, documents, electronic records, emails, faxes and file notes regarding communication with National Driver Association regarding Klaus Bermel-Schanz.

6. All documents regarding how many Non-Trucking Liability policies that Brown & Brown of Ohio secured for individuals who had lease agreements with Horizon Transport from October 16, 2013 – October 13, 2015.

(DN 70-1).

### Bermel-Schanz' Motion to Quash

Bermel-Schanz asserts that the subpoena should be quashed pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii) because the request "requires disclosure of privileged or other protected matter" and no exception or waiver to such privilege or protection applies. Bermel-Schanz also contends that the request is overbroad and largely irrelevant. He expresses concern that production of his insurance file will include information protected by the attorney-client privilege or work product doctrines.

### Horizon Transport's Motion to Quash

Horizon likewise brings its motion under Rule 45(d)(3)(A). As to items 2 and 3 in the subpoena, Horizon contends the requests are irrelevant and not proportional to the needs of the case and represent "an invasion of privacy." Horizon objects to item 6 arguing it is "overly broad, burdensome, irrelevant, and is not proportional to the needs of the case or the underlying tort action" (DN 80, p. 4). Horizon also states that it is "unaware of the nature and extent of the documents requested" but speculates that "it is very likely these files contain a large number of documents, documents that have absolutely nothing to do with this litigation" (Id.).

### Morrow's Responses

Morrow begins by noting that Brown & Brown has not objected to the subpoena and has in fact sent Morrow the requested documents. Morrow contends the documents are relevant to the case because it believes Bermel-Schanz failed to secure the proper amount of insurance

required by his contract with Horizon. Morrow also notes that Horizon no longer has Bermel-Schanz's file from 2015 and thus Brown & Brown's files are the only source of information. Morrow further notes that Bermel-Schanz and Horizon face no expense in Brown & Brown's production.

Turning to Bermel-Schanz's contention that some of the documents may be privileged or work product, Morrow notes that Brown & Brown is an insurance agency and not the actual insurer for Bermel-Schanz (DN 81). With regard to Horizon's privacy interest, Morrow contends Horizon has failed to demonstrate a privacy interest in the documents other than a bare assertion.

### Horizon's Reply

Horizon picks up Bermel-Schanz' concern about disclosure of confidential information under Asbury, noting that it is possible Bermel-Schanz may have communicated information about the claim to his insurance agent or the file may reflect communications between Bermel-Schanz and the insurance carrier. Horizon contends that Morrow should be required to return the documents to Brown & Brown and reissue the subpoena so that "it properly restricts the scope of the documents he seeks to those documents bearing on the issue of the amount of Mr. Bermel-Schanz's insurance coverage" (DN 83, p. 3).

**Discussion**

### A. Standing to move to quash

As a general proposition, a party does not have standing to quash or object to a Rule 45 subpoena served on a non-party, unless the party can demonstrate a privilege or other personal right in regard to the requested documents. Queen v. City of Bowling Green, No. 1:16-CV-00121-JHM, 2017 U.S. Dist. LEXIS 160425, *8 (W.D. Ky. Sept. 29, 2017). Here Bermel-

4

Schanz has demonstrated standing insofar as he contends the requested documentation may contain privileged attorney-client communications. Horizon, however, has not indicated that it had a relationship with Brown & Brown which might be considered subject to the attorney-client relationship. While it argues that there might be confidential communications in the requested documents, it offers no basis upon which to conclude that the confidence extended to anyone other than Bermel-Schanz and, consequently, Horizon fails to demonstrate standing to move to quash on the basis of privilege or personal right.

### B. Undue burden

As to Horizon's objection that the subpoena imposes an undue burden, Rule 45 does not provide a party other than the one to whom the subpoena is directed with standing to object on that basis. Polylok Inc. v. Bear Onsite, LLC, No. 3:12-CV-535-DJH-CHL, 2016 U.S. Dist. LEXIS 173289, *6 (W.D. Ky. Dec. 15, 2016) (*citing* Tullis v. Umb Bank, N.A., No. 3:06-CV-7029, 2011 U.S. Dist. LEXIS 139368 (N.D. Ohio, Dec. 5, 2011)).

### C. Relevance

Both Bermel-Schanz and Horizon object on general grounds of relevance. Rule 45(d)(3) does not identify irrelevance as a reason for quashing a subpoena. However, courts have ruled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. Queen, 2017 U.S. Dist. LEXIS 160425 at *11. Rule 26, in turn, permits discovery of any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Rule 26(b)(1).

Bermel-Schanz's motion makes a generalized contention that the information requested lacks relevance. Bermel-Schanz states that the request for the contents of his insurance file from October 2013 to the present "would result in the release of information wholly irrelevant to the

issues in the case, with some of that information likely being protected" (DN 78, p. 3). He does not, however, offer an explanation of how the information sought in the subpoena lacks relevance to the case.

Likewise, Horizon only offers sweeping generalities that the information requested likely involves "a large number of documents, documents which have absolutely nothing to do with this litigation" (DN 80, p. 4). Morrow responds to Bermel-Schanz's and Horizon's contentions with its own contention that discovery in the case has demonstrated that Horizon permitted Bermel-Schanz to drive for it without having $1,000,000 in insurance coverage as required by the contract between them. As Horizon no longer has Bermel-Schanz's file, Morrow contends the subpoenaed documents are relevant to the question of whether this exception was afforded other drivers as well, or if there was an internal error by Horizon regarding the lease agreement. As neither movant has provided rebuttal to this argument other than broad generalization, neither movant has made a compelling case that the information subpoenaed lacks relevance.

## D. Privilege

Having concluded that Bermel-Schanz has standing to object to the subpoena on grounds that it calls for production of material to which he claims a privilege or other personal right, attention now turns to an evaluation of whether material in Brown & Brown's possession might qualify for protection. Bermel-Schanz describes Brown & Brown as "an insurance agency through which [he] acquired one of the policies at issue in this litigation" (DN 78, p. 2). Bermel-Schanz expresses concern that the documents sought by the subpoena may include information that is protected by the attorney-client privilege or the work product doctrine. He is further concerned that some information may be confidential in nature, such as his financial information

and social security number. He relies upon Asbury v. Beerbower, 589 S.W.2d 21 (Ky. 1979) in support of the proposition that communications in the possession of Brown & Brown can be afforded privileged status.

In Asbury the Kentucky Supreme Court endorsed the principle set out in 81 Am.Jur.2d, *Witnesses*, Sec. 193 that "a report or other communication made by an insured to his liability insurance company, concerning an event which may be made a basis of a claim against him and which is covered by the party, is a privileged communication, as being between an attorney and client . . ." Asbury 589 S.W.2d at 217. In endorsing the rule, the court reasoned that, in most situations in which an insured's defense counsel is selected by the insurance carrier, "the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interests of the insured." Id.

Morrow responds to Bermel-Schanz's argument by noting that Brown & Brown is an insurance agency/broker, and not the actual liability insurer providing coverage and defense. As a result, Morrow contends there can be no Asbury extension of the attorney-client privilege under the present facts. Morrow further contends that Bermel-Schanz has already provided a great deal of personal information in the course of discovery and any additional disclosure reflected in Brown & Brown's file is *de minimus.*

In this instance, Bermel-Schanz is at a disadvantage in asserting his privilege argument because he can only speculate as to the contents of Brown & Brown's file. While Morrow is correct that Brown & Brown is not the liability insurer, Brown & Brown was the agent from whom Bermel-Schanz procured the policy of insurance. It is not impossible that Bermel-Schanz might have made some communications to Brown & Brown as a conduit for communicating with his liability insurer. He should have the opportunity to inspect the file so that he can

identify any documents to which he believes an attorney-client privilege applies. The undersigned notes, however, that the privilege, if it applies at all, would be limited to communications between Bermel-Schanz and Brown & Brown concerning the subject motor vehicle accident and which he reasonably believed were for purposes of transmitting that information to the liability insurer. Asbury does not support extension of the privilege beyond that limited scope. *See* Haney v. Yates, 40 S.W.3d 352 (Ky. 2000) (Communications to safety department of self-insured entity not entitled to privilege.).

**ORDER**

For the forgoing reasons, the motion of Horizon Transport to quash the subpoena issued by Morrow to Brown & Brown DN 80, is **DENIED**. The motion of Bermel-Schanz to quash the subpoena issued by Morrow to Brown & Brown, DN 78, is **DENIED IN PART** and **GRANTED IN PART**. To the extent the motion advocates quashing the subpoena on relevance grounds, the motion is denied. To the extent the motion advocates quashing the subpoena on privilege grounds, the motion is granted in part. **BY NO LATER THAN OCTOBER 23,** 2017, Morrow shall provide to Bermel-Schanz all documents produced by Brown & Brown in response to the subpoena. Bermel-Schanz shall review the documents and, within 14 days of receipt, return all for which he does not assert a claim of privilege. He shall retain any documents for which privilege is claimed and simultaneously provide Morrow with a privilege log.

Copies: Counsel