UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00180-GNS

**CERTAIN UNDERWRITERS AT**
**LLOYD'S, LONDON**                                                          **PLAINTIFFS**

VS.

**EUGENE C. MORROW, Individually, and as**
**Personal Representative for the Estate OF**
**MARGARET E. MORROW, Deceased;**
**HORIZON TRANSPORT, INC.; KLAUS**
**BERMEL-SCHANZ; SCOTTSDALE**
**INSURANCE COMPANY; and ALFA**
**MUTUAL INSURANCE COMPANY**                                                  **DEFENDANTS**

**MEMORANDUM OPINION**
**AND ORDER**

Plaintiff, Certain Underwriters at Lloyd's, London ("Underwriters") have filed a motion to compel (DN 118). Specifically, Underwriters seek an order compelling the production of a statement or statements that Defendant Klaus Bermel-Schanz gave to Defendant Alfa Mutual Insurance Company around October 15, 2015, concerning a motor vehicle accident that occurred two days earlier in Franklin, Kentucky (DN 118-4). Bermel-Schanze and Alfa have jointly filed a memorandum in opposition (DN 119). Underwriters have filed a reply memorandum in support of their position (DN 126). This matter is ripe for determination. For the reasons that follow the Court grants Underwriters' motion.

<u>Nature of the Case</u>

This declaratory judgment action and the companion tort action arose from an automobile accident at a Flying J truck stop in Franklin, Kentucky. On the morning of October 13, Bermel-

Schanz was driving a Dodge Ram truck that was leased to Defendant Horizon Transport, Inc.[1] (DN 118-3 PageID # 784). While maneuvering the truck into position to refuel Bermel-Schanz struck and killed Margaret E. Morrow. Immediately thereafter, the accident was reported to the authorities and Bermel-Schanz contacted Horizon Transport for which he was an independent contractor. He eventually refueled his truck and returned home to Warner Robbins, Georgia.

At all relevant times, Bermel-Schanz was insured for personal automobile liability coverage by Alfa, an Alabama Corporation. He also possessed a non-trucking liability or "personal use" policy from Underwriters for the Horizon leased Dodge Ram.

Bermel-Schanz notified Alfa of the accident on the day it occurred. Approximately two days after the accident, Bermel-Schanz gave what may have been a recorded statement over the telephone to an Alfa representative. Bermel-Schanz was in Georgia when he made the statement. It is unclear from the information provided by the parties whether the Alfa representative was in Georgia or Alabama. Apparently, Bermel-Schanz waited approximately four months to notify Underwriters of the accident (DN 118-3 PageID # 786).

Underwriters brought this declaratory judgment action to determine the rights and responsibilities of the parties as it concerns Bermel-Schanz's insurance coverage for the accident (DN 1). Underwriters challenge responsibility for coverage because they believe Bermel-Schanz was not operating the Dodge Ram for personal use at the time of the accident. Defendants assert that Bermel-Schanz was operating the vehicle for personal use because he was on his way to meet a potential personal business contact at the time of the accident (DN 119 PageID # 802). During the discovery process a dispute arose concerning the privileged status of the statement or statements given by Bermel-Schanz to a representative of Alfa two days after the accident.

---

[1] The Dodge Ram Truck in titled in Mr. Bermel-Schanz's wife's name and leased to Defendant Horizon Transport. (DN 118-3 PageID # 784).

Informal attempts to break the impasse proved unsuccessful. The undersigned conducted a telephonic conference on July 6, 2018 and ordered the parties to brief the issue. The matter stands submitted to the undersigned for ruling.

Arguments of the Parties

Underwriters argue the statement or statements given by Bermel-Schanz to a representative of Alfa are discoverable under Discovery Fed. R. Civ. P. 26(b)(1) (DN 118-3 PageID # 783, 788). The crux of their argument is that Kentucky courts apply the Restatement (Second) of Conflicts of Law § 139 (1971) to determine which forum's privilege law applies to communications in a case. Underwriters contend this leads to an application of Georgia, or alternatively Alabama, privilege law to Bermel-Schanz's statement in this case. They assert neither forum has extended the attorney-client privilege to conversations between insured and insurer, thus the statement should be produced. (DN 118).

Defendants disagree (DN 119). They argue the Court should apply Asbury v. Beerbower, 589 S.W. 2d 216 (Ky. 1979) because the accident occurred in Kentucky and Kentucky law supplies the rule of decision in this diversity jurisdiction case (DN 119 PageID # 804-06 citing Fed. R. Evid. 501). Defendants assert that under Asbury the statements Bermel-Schanz made to the representative of Alfa would be subject to the attorney-client privilege (Id. citing Asbury, 589 S.W. 2d at 217). Defendant's also observe the statements "could also be characterized in the future as attorney work-product." (DN 119 PageID # 806).

In reply, Underwriters contest Defendants' straightforward application of Asbury and reaffirm their argument that Kentucky choice of law principles lead to an application of Georgia or Alabama privilege law (DN 126). They also claim the statement or statements are not work-

3

product, but if they are Underwriters can demonstrate a substantial need for the statements in preparation of their case (DN 126 PageID # 2325).

Conclusions of Law

Bermel-Schanz and Alfa objected jointly to Underwriters' request to produce all documents relating to communications between Bermel-Schanz and Alfa regarding the automobile accident on October 13, 2015 (DN 119). They reason because the accident occurred in Kentucky and Kentucky law supplies the rule of decision in this diversity jurisdiction case the statements are subject to the attorney-client privilege under Kentucky common law (DN 119 PageID # 804-06 citing Fed. R. Evid. 501 and Asbury, 589 S.W. 2d at 217). They add that Kentucky law should be applied if there are significant contacts with Kentucky, even if those contacts are not the most significant. *See* Adam v. J.B. Hunt Transportation, 130 F. 3d 219 (6th Cir. 1997). But the issue is not as straightforward as Bermel-Schanz and Alfa claim.

Federal Rule of Evidence 501 clearly instructs that state law governs questions of privilege in civil cases for which state law supplies the rule of decision. Bermel-Schanz and Alfa's reliance on Adam is misplaced because, unlike in that case, here it is undisputed that Kentucky tort law provides the rule of decision. The issue before the Court is whether Kentucky law of privilege applies to the subject communications which occurred outside Kentucky. To address that issue, the Court will look to Kentucky's choice of law rules for guidance.

Kentucky applies Restatement (Second) of Conflicts of Law § 139 (1971) in its conflicts analysis. Thompson v. Coleman, 545 S.W. 3d 281, 283 (Ky. 2018); Saleba v. Schrand, 300 S.W.3d 177, 182-83 (Ky. 2009). It reads,

> Evidence that is not privileged under the local law of the state which has the most significant relationship with the communication will be admitted, even though it would be privileged under the local law of

>the forum, unless the admission of such evidence would be contrary
>to the strong public policy of the forum.

Restatement (Second) of Conflicts of Law § 139 (1971). Admitting evidence not privileged in the forum with the most substantial relationship to the communication will not subvert the expectations of the communicating parties because they would have relied on the law of that forum when communicating. *See* Id. § 139, cmt. c. That forum has a substantial interest in determining what evidence is privileged and Kentucky's interest is served because admission of the evidence will assist the Court in arriving at the truth of the matter. *See* Id.

Kentucky is not the forum with the most significant relationship to Bermel-Schanz's statements to Alfa after the accident. That forum is usually the state where the communication took place. *See* Id. § 139, cmt. e. Additionally, if the parties had a prior existing relationship the state where that relationship is centered will have the most significant relationship to the communication at issue. *See* Id. Bermel-Schanz lives in Georgia. He was in Georgia when he made his statement to Alfa. Bermel-Schanz and Alfa enjoyed a prior relationship in which Alfa provided insurance to Bermel-Schanz in Georgia. That policy covered vehicles titled, registered, and stored in Georgia (DN 188-3 PageID # 784). Although the underlying accident that initiated this case occurred in Kentucky, Georgia is the state with the most significant relationship to Bermel-Schanz's statement to Alfa. Therefore, Georgia privilege law shall apply here.

In Asbury the Supreme Court of Kentucky extended the attorney-client privilege to confidential communications made by an insured to his liability insurance company concerning an event that may become the subject of a claim against the insured and which may be covered by the insurance policy. Asbury, 589 S.W. 2d at 217. The Supreme Court of Kentucky reasoned that the insured may properly assume that the confidential communication is being made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the

insured's interests. Id. By contrast, Georgia has confined the scope of the attorney-client privilege to its narrowest possible limits. See Ostroff v. Coyner, 187 Ga. App. 109 (1998); Atl. C.L.C. Co. v. Daugherty, 141 S.E.2d 112, 116-117 (Ga. Ct. App.). Defendants have not presented, nor has the Court found through its own research, any authority indicating that Georgia has extended the attorney-client privilege in a manner similar to what the Supreme Court of Kentucky did in Asbury.

Georgia courts have adopted a four-part test to determine if a communication is protected by the attorney-client privilege: 1) There is an attorney-client relationship, 2) the communications in question relate to the matters on which legal advice was sought, 3) the communications have been maintained in confidence, and 4) no exceptions to privilege are applicable. St. Simons Waterfront, LLC. Hunter, Maclean, Exley & Dunn, P.C., 746 S.E. 2d 98. 1965). The burden is on the party asserting privilege to establish its existence. Southern Guaranty Ins. Co. v. Ash, 192 Ga. App. 24, 29 (1989). Defendants fail to satisfy their burden of establishing an attorney-client relationship existed when Bermel-Schanz communicated with Alfa. But even if they could, Defendants concede that Bermel-Schanz made the statements to a representative of Alfa, not an attorney with whom he had an attorney-client relationship. Because there is no authority indicating Georgia has extended the attorney-client privilege in a manner similar to what the Supreme Court of Kentucky did in Asbury, the Court concludes the statements at issue are not subject to the attorney-client privilege.

Defendants have observed that the statements could be characterized as work product (DN 119 PageID # 804 and 806). However, they have not presented a developed argument in support of their position. For that reason, the Court declines to address the question of whether the statement or statements are protected from discovery by the work product doctrine.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (DN 118) is **GRANTED.**

**IT IS FURTHER ORDERED** that **by no later than November 19, 2018**, Defendants shall produce to Plaintiff any statements that Bermel-Schanz may have given to Alfa on or about October 15, 2015 regarding the subject accident.

Copies: Counsel